**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOUA LO, | Case No. 2:26-cv-0524 KES EPG (HC) |
| Petitioner, | A No. 023-774-826 |
| v. | ORDER GRANTING MOTION TO DISMISS THE PETITION AS MOOT AND DIRECTING THE CLERK OF COURT TO CLOSE CASE |
| WARDEN OF GOLDEN STATE MCFARLAND DETENTION FACILITY, *et al.*, | |
| | Doc. 14 |
| Respondents. | |

Toua Lo was a federal detainee proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Lo brought a claim seeking his release from detention.  Doc. 1. On May 6, 2026, respondents filed a motion to dismiss the petition as moot, reporting that Lo had been removed to Laos and was "no longer in immigration custody."  Doc. 14 at 1; *see also* Doc. 10-1 at 1-2.[1]

The case or controversy requirement of Article III of the Constitution deprives the court of jurisdiction to hear moot cases.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).  As the petition

---

[1] Consistent with this report, the Court's recent mail to Lo was returned as undeliverable.

requested release and Lo is no longer in custody, there is no further relief this court can provide. The petition is moot, and the court no longer has jurisdiction. *See Lopez Santos v. Bondi*, 2026 WL 498489 at *1 (E.D. Cal. Feb. 23, 2026) (dismissing habeas petition under Section 2241 as moot as petitioner had been removed from United States).

Based upon the foregoing, the Court ORDERS:

1.      The motion to dismiss the petition (Doc. 14) is GRANTED.

2.      The petition (Doc. 1) is DISMISSED as moot.

3.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    May 7, 2026

_____
UNITED STATES DISTRICT JUDGE

2